# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

LEMYRON BISHOP,

     Plaintiff,

vs.                                       No. CV 20-00087 WJ/GJF

UNITED STATES,

     Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court on the Complaint for Violation of Civil Rights filed by Plaintiff, LeMyron Bishop. (Doc. 8). The Court will dismiss the Complaint for failure to state a claim and as frivolous under 28 U.S.C. §1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B). The Court also grants Plaintiff leave to proceed *in forma pauperis* and will impose a "strike" under 28 U.S.C. § 1915(g).

## I. Factual and Procedural Background

Plaintiff, LeMyron Bishop, is a prisoner incarcerated at the Eddy County Detention Center. (Doc. 1 at 2). Plaintiff Bishop is proceeding pro se. This is one of several cases filed by Plaintiff Bishop. *See* CV 19-00600 RB/CG, CV 19-01037 JCH/JFR, CV 19-01129 RB/GJF, and CV 19-00833 KWR/GBW. Plaintiff filed his original Letter of Notice on January 29, 2020. (Doc. 1). On February 3, 2020, the Court entered an Order to Cure Deficiencies, construing his Letter of Notice as a civil rights complaint and directing Plaintiff Bishop to file an amended complaint in proper form. (Doc. 2).

In response to the Order to Cure, Plaintiff Bishop filed his Complaint on February 18, 2020. (Doc. 8). Plaintiff Bishop names, as Defendant, the United States. (Doc. 8 at 1). Bishop asserts jurisdiction under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and 42 U.S.C. § 1983. (Doc. 8 at 3). Plaintiff alleges:

> "Since the fact of the whole matter is that it has been the personnel, land and facility runnage using multiple/numerous aliases/CIA (SI) special immigrant profiles, undercover illegal profiles) out of the U.S. customs department and/or other U.S. departments, facilities, etc, I NEED ALL judicial and excess judicial property turned over to my name IMMEDIATELY which includes land and any properties under the alias ship of the United States of America, and also 500 billion dollars for all the pain caused by these officials/reps, and last but not lease released permanently from ANY kind of supervision of ANY official or facility IMMEDIATELY. (Property Includes State and Federal)"

(Doc. 8 at 5). Although his Complaint is difficult to discern, Plaintiff Bishop appears to allege violations of federal laws against him by federal officials. Therefore, the Court characterizes his filing as a civil rights complaint under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971).

Also pending before the Court is Plaintiff Bishop's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 9). The Court grants Plaintiff Bishop leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.

## II. The Law Regarding Dismissal for Failure to State a Claim

Plaintiff is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Id.*

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(ii). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon*, 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton*, 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual

allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

### III. Plaintiff's Complaint Fails to State a Claim for Relief and is Frivolous

**A. Plaintiff Fails to State a Claim for Relief Against Federal Officials under *Bivens*:** A civil rights action against a public official or entity may not be based generalized allegations or a theory of respondeat superior liability. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983 or *Bivens. Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a civil rights action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Nor do generalized statements that defendants caused the deprivation of a constitutional right, without plausible supporting factual allegations, state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50.

Plaintiff Bishop does not identify any individual federal officer but, instead, asserts claims against "officials." (Doc. 8 at 5). Bishop does not allege personal involvement by any identified officials, nor does he present any plausible facts supporting any constitutional claim for relief. *Fogarty v. Gallegos,* 523 F.3d at 1162; *Robbins v. Oklahoma,* 519 F.3d at 1249-50. Bishop's Complaint fails to state a civil rights claim for relief. *Iqbal,* 556 U.S. at 676.

**B. Plaintiff's Claims are Frivolous and Delusional:** By statute, all claims by prisoners seeking redress against a governmental entity, officer, or employee are subject to frivolousness screening. 28 U.S.C. § 1915A(a). Section 1915A provides: "[t]he court shall review ... as soon

as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and "shall ... dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous ... or fails to state a claim upon which relief may be granted ...." 28 U.S.C. § 1915A(a),(b)(l).

A claim is frivolous if it lacks an arguable legal basis or contains fanciful factual allegations. *Hall v. Bellmon,* 935 F.2d 1106, 1108 (10th Cir.1991) (citing *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). A determination of factual frivolousness is appropriate when the factual allegations rise to the level of irrational or wholly incredible. *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). A delusional scenario will justify a 1915(d) dismissal for factual frivolousness. *See Neitzke v. Williams,* 490 U.S. at 327-28. Dismissal is appropriate for a claim based on an indisputably meritless legal or factual theory. *Neitzke v. Williams*, 490 U.S. at 325–30; *Johnson v. Raemisch*, 763 F. App'x 731, 733 (10th Cir. 2019).

Plaintiff Bishop's claims that "they/(?) have not allowed me to live properly and are trying to get me to have a (mental or emotional) breakdown, which hasn't effected me too bad but is irritating. (Which is mental/emotional abuse which is just as bad as physical abuse, which that has also been apart of all this also" are delusional, irrational, and wholly incredible. (Doc. 8 at 5). Plaintiff's Complaint is lacking any legal or factual basis and is meritless. *Neitzke v. Williams*, 490 U.S. at 325–30. Therefore, the Court will dismiss the Complaint under 28 U.S.C. §§ 1915A, 1915(d), and 1915(e)(2)(B).

## IV. <u>Amendment Would Be Futile</u>

In deciding whether to dismiss a complaint, in whole or in part, the Court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d

124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

The Court concludes that, in this case, amendment of the Complaint would be futile. As set out, above, Bishop's claims are frivolous and unsupported by any coherent factual allegations. There does not appear to be any amendment Plaintiff could make that would cure the problems with his pleading. *Bradley v. Val-Mejias,* 379 F.3d at 901. The Court will dismiss the Complaint without leave to amend. *Hall v. Bellmon,* 935 F.2d at 1109.

## V. <u>The Court Will Impose a § 1915(g) Strike</u>

When it enacted the *in forma pauperis* statute, Congress recognized that "no citizen should be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because his poverty makes it impossible for him to pay or secure the costs." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 342 (1948). However, Congress also recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams,* 490 U.S. 319, 324 (1989). Congress noted that prisoner suits represent a disproportionate share of federal filings and enacted a variety of reforms designed to filter out the bad claims and facilitate consideration of the good. *Jones v. Bock,* 549 U.S. 199, 202-204 (2007). Those reforms have included the three-strike rule of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).

The three-strike rule of § 1915(g) states:

> "In no event shall a prisoner bring a civil action or appeal a judgment in
> a civil action or proceeding under this section if the prisoner has, on 3 or

more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Because the Court concludes that Bishop's Complaint in this case fails to state a claim for relief under § 1915(e)(2)(B) and is frivolous, the Court will impose a strike against him under the Prison Litigation Reform Act§ 1915(g). Bishop is notified that if he accrues three strikes, he may not proceed *in forma pauperis* in any future civil actions before federal courts unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

**IT IS ORDERED:**

(1) the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 9) filed by Plaintiff LeMyron Bishop is **GRANTED**;

(2) Plaintiff LeMyron Bishop's Complaint for Violation of Civil Rights (Doc. 8) is **DISMISSED** with prejudice for failure to state a claim and as frivolous; and

(3) a **STRIKE** is imposed against Plaintiff Bishop under 28 U.S.C. § 1915(g).

_____
CHIEF UNITED STATES DISTRICT JUDGE